## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 18-20095 (JJT) |
| | ) | | |
| FERNANDO P. RODRIGUES, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | | |
| STEVEN TEMKIN and, | ) | ADV. PRO. No. | 18-02016 (JJT) |
| GAYLE TEMKIN | ) | | |
| PLAINTIFFS | ) | RE: ECF Nos. | 27, 28, 29, and 35 |
| V. | ) | | |
| | ) | | |
| FERNANDO P. RODRIGUES, | ) | | |
| DEFENDANT. | ) | | |
| | ) | | |

### APPEARANCES

David M. S. Shaiken, Esq.                                   Attorney for the Plaintiffs
Shipman, Shaiken & Schwefel, LLC
433 South Main Street, Suite 319
West Hartford, CT 06110

George I. Roumeliotis, Esq.                          Attorney for the Debtor/Defendant
Roumeliotis Law Group, P.C.
157 Church Street, 19th Floor
New Haven, CT 06510

### RULING AND ORDER ON PLAINTIFFS' MOTION *IN LIMINE* AND OBJECTION TO DEFENDANT'S RULE 26(a)(3) DISCLOSURES

The Debtor/Defendant, Fernando P. Rodrigues ("Debtor"), in accordance with Fed. R.

Civ. P. 26(a)(3), made pretrial disclosures ("Disclosures," ECF No. 27), identifying potential

witnesses, exhibits, and an affidavit of former counsel that he intends to or may introduce into

evidence at trial. The Plaintiffs, Steven Temkin and Gayle Temkin ("Plaintiffs"), filed a motion

*in limine* and objection to the Disclosures (ECF No. 28), and argue in a corresponding brief (ECF

No. 29) that the Debtor is collaterally estopped from offering evidence on all of the matters

identified in the Disclosures and that the trial transcripts and attorney affidavit identified are
inadmissible hearsay. On those bases, the Plaintiffs seek exclusion of all of the Debtor's
proffered evidence. The Debtor objected to the Plaintiffs' motion *in limine* (ECF No. 35),
arguing that his evidence is necessary to determine whether the damages awarded by the
Superior Court[1] were for negligent infliction of emotional distress ("NIED"), which is
dischargeable, or intentional infliction of emotional distress ("IIED"), which is not
dischargeable, and whether such damages were charged against the Debtor, the LLC he owns, or
both. For the reasons stated below, the Court SUSTAINS the Plaintiffs' objection to the
Disclosures in part and GRANTS the motion *in limine* in part.[2]

In her Memorandum of Decision, the Hon. Constance L. Epstein, Judge Trial Referee,
found—in excruciating detail—that the Debtor and his LLC committed private nuisance, with
damages of $150,000, and caused the Plaintiffs emotional distress, with damages of $500,000.
The Debtor argues that it is unclear from the Memorandum of Decision whether such damages
were charged against the Debtor, his LLC, or both, and that it is also unclear whether the
$500,000 awarded for emotional distress pertained to NIED, IIED, or both. A fair reading of the
Memorandum of Decision, however, belies these arguments. Judge Epstein found both the
Debtor and his LLC liable under all three causes of action alleged: private nuisance, NIED, and
IIED. Without more, the Court must presume that such liability is joint and several.[3] *See* Conn.
Gen. Stat. § 52-572h (abrogating joint and several liability in negligence cases); *see also
Preferred Accident Ins. Co. of N.Y. v. Musante, Berman & Steinberg Co.*, 133 Conn. 536, 543,

---

[1] *See Givens Ave. Partners, LLC v. Temkin*, Superior Court, Judicial District of Hartford, Docket No. CV-11-6026282-S, Document No. 267, 2017 WL 3011702 (June 7, 2017).
[2] The only part of the Disclosures the Court accepts as proper is the Superior Court's Memorandum of Decision dated June 7, 2017, of which the Court takes judicial notice.
[3] As noted below, the damages awarded for NIED and IIED are concurrent. Thus, it matters not that there was no allocation of damages for NIED.

52 A.2d 862 (1947) ("Where there are two joint tort-feasors and each is guilty of intentional wrongdoing[,] there may be sound justification for a denial of contribution because either party in seeking it would have to take his stand upon his own wrong."); *Agnes v. Grem*, 2001 WL 837920, at \*7 (Conn. Super. Ct. June 29, 2001) ("abrogation of joint and several liability in negligence cases does not affect intentional torts" [citation and internal quotation marks omitted]).

Additionally, the Debtor's argument that Judge Epstein failed to allocate the emotional distress damages between NIED and IIED is not borne out by the Memorandum of Decision. In deciding that the Debtor caused the Plaintiffs' emotional distress, Judge Epstein first found that "there is no question that the [Debtor and his LLC] caused [NIED]." She then noted that "[i]n addition to the elements necessary to establish [NIED], [IIED] requires proof that the emotional distress sustained was severe." Then, without any qualification, Judge Epstein found that the Debtor's "actions in this case were malicious, knowing and intentional, and caused significant distress that continues to persist" and that "[t]he behavior of [the Debtor] vis-à-vis the [Plaintiffs] parallels the definition of stalking in the criminal statutes[.]" Without any qualification, the Court finds it manifest in Judge Epstein's Memorandum of Decision that *all* of the damages awarded for emotional distress were for NIED and IIED concurrently.

This Court must give the same preclusive effect to Judge Epstein's decision as would a Connecticut State Court. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Connecticut, "collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997) (citations and internal quotation marks omitted). Because it is clear in Judge

Epstein's Memorandum of Decision that the damages awarded were joint and several and that all of the emotional distress damages were awarded for IIED, the Debtor is precluded from relitigating the facts and issues surrounding either, as such were actually and necessarily determined in an earlier proceeding between the parties. As such, the Debtor's intention or desire to call the Plaintiffs, himself, or his wife as witnesses to testify as to those very same circumstances surrounding the actions alleged in the Complaint would be patently improper. Accordingly, the Court SUSTAINS the Plaintiffs' objection to the Disclosures and GRANTS the motion *in limine* to exclude such evidence.

The Debtor also seeks to have transcripts from the Superior Court trial and an affidavit of his former attorney, Andre Cayo, admitted into evidence. The Plaintiffs have objected to those documents on the grounds that each is inadmissible hearsay under Fed. R. Evid. 801 and 802. Given that the Court has already determined that the Memorandum of Decision is clearer than the Debtor argues, the transcripts are not probative or otherwise admissible. As for the affidavit of Attorney Cayo, the Debtor has provided no exception to the hearsay rules and has only stated that the affidavit is "relevant." As to whether the affidavit is relevant—it is not,[4] as it cannot prevent Judge Epstein's decision from being final—it is textbook hearsay with no exception offered. Therefore, the Court SUSTAINS the objection to the Disclosures and GRANTS the motion *in limine* to exclude both of those documents from coming into evidence.

In sum, the Court SUSTAINS the Plaintiffs' objection to the Disclosures pertaining to: (1) all proffered witnesses, (2) the Superior Court trial transcripts, and (3) the affidavit of

---

[4] Connecticut Practice Book § 6-3 states that the judgment file in a non-juvenile case may be prepared by counsel or the clerk but does not specify which party's counsel is responsible. Regardless, Connecticut Practice Book § 61-10 clearly states that "[i]t is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal."

Attorney Cayo. Accordingly, the Court GRANTS the Plaintiffs' motion *in limine* regarding the same.

IT IS SO ORDERED at Hartford, Connecticut this 4th day of June 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut